IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| JOHN HALL, JR., NO. 04059918,<br>    Plaintiff, | §<br>§<br>§ |
| v. | § No. 3:05-CV-0044-B<br>§ |
| DALLAS COUNTY et. al.,<br>    Defendants. | §<br>§<br>§ |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the District Court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge, as evidenced by his signature thereto, are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case:  This is a civil rights complaint brought by a state prisoner pursuant to 42 U.S.C. § 1983.

Parties: Plaintiff was at the time relevant to his complaint and at the time he filed this litigation an inmate at the Dallas County Jail.  At the time of this recommendation, his address is 2126 Scammel Drive, Dallas, Texas, 75227.  Defendants are Dallas County and The University of Texas Medical Branch of Galveston, Texas. The court has not issued process in this case.  However, on January 24, 2005, the Magistrate Judge issued a questionnaire to Plaintiff, who filed his answers on February 10, 2005.

Statement of Case: Plaintiff alleges that he was not given his prescribed medication, Allopurinol, from October 9, 2004 to October 11, 2004.  He contends that this hiatus in administration of his prescription has resulted in limited use of his left hand.

1

<u>Findings and Conclusions</u>: The court has permitted Plaintiff to proceed *in forma pauperis*. His complaint is, thus, subject to screening under 28 U.S.C. § 1915A, which imposes a screening responsibility on the district court. Section 1915A reads in pertinent part as follows:

> The court shall review . . . as soon as practicable after docketing, a complaint in a civil action in which *a prisoner* seeks redress from a governmental entity or officer or employee of a governmental entity [and] [o]n review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

28 U.S.C. § 1915A(a) and (b)(emphasis added). *See also* 28 U.S.C. § 1915(e)(2)(B).

Both sections 1915A(b) and 1915(e)(2)(B) provide for *sua sponte* dismissal if the Court finds that the complaint is "frivolous" or that it "fails to state a claim upon which relief may be granted." A complaint is frivolous, if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831-32 (1989). The district court had a broad discretion in determining whether cases filed *in forma pauperis* are frivolous; "when it is not apparent from the face of the complaint whether the prisoner's contentions are frivolous or not, the district court should make an effort to develop the known facts until satisfied that either the claims have merit or they do not." *Parker v. Carpenter,* 978 F.2d 190, 191 (5th Cir. 1992). The Fifth Circuit has approved the use of questionnaires to aid the district court in its determination of whether a complaint is frivolous or fails to state a claim and responses to a questionnaire become part of the pleadings. *Berry v. Brady*, 192 F.3d 504, 507 (5th Cir. 1999).

In considering a claim predicated on a denial of medical care, there are several relevant criteria which must be met. It is well-settled that negligence, as distinguished

2

from intentional or deliberate conduct, is not cognizable in an action brought under 42 U.S.C. § 1983. *E.g., Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662 (1986). Further, a delay in providing medical care does not give rise to a cognizable constitutional violation unless a defendant was deliberately indifferent to a known medical need which resulted in substantial harm. Finally, the injury suffered must be more than *de minimus*. *See Siglar v. Hightower*, 112 F.3d 191 (5th Cir. 1997)(Bruises suffered by an inmate caused by alleged excessive use of force and from which the plaintiff recovered within three days did not constitute a physical injury cognizable under the Prison Litigation Reform Act).

In the present action, Hall has not stated a cognizable claim against Dallas County based upon a written policy or custom. To the contrary the policy of Dallas county, identified by Plaintiff, is designed to insure that inmates receive needed medical prescriptions. (*See* Pl.'s Ans. to Question 12 of the Magistrate Judge's Questionnaire). Although not specifically asked, Hall has not identified any written policy or established custom of the University of Texas Medical Branch at Galveston, Texas on which liability could be based.[1]

In his answer to the questionnaire Hall identifies jail employees, Officer Benson and Sergeant Dockery, with whom he interacted with respect to his medication. (*See* Ans. to Question 7). The fact that neither immediately acceded to Plaintiff's requests is insufficient to allege deliberate indifference as opposed to mere negligence. Further,

---

[1] The court need not address whether the Medical Branch has Eleventh Amendment immunity, nor whether Hall has exhausted administrative remedies as required by 42 U.S.C. § 1997e(a). However, it is noted that the original grievance attached to Plaintiff's answers to the Magistrate Judge's questionnaire was not filed until *after* administration of his prescription medicine had re-commenced on October 11, 2004.

despite the presence of pain which could well be attributed to the temporary cessation of Hall's prescription medication, Plaintiff has failed to allege that this factor alone constituted a serious of life-threatening medical need of which a reasonable jail employee in the position of either named individual would or should have been aware.[2]

Finally, mere delay does not constitute a cognizable claim unless it also results in "substantial harm." *See Mendoza v. Lynaugh*, 989 F.2d 191, 193 (5th Cir. 1993)(citing *Shapley v. Nevada Bd. of State Prisoner Comm'rs*, 766 F.2d 404, 407 (9th Cir. 1985)).

Hall claims that the interruption of his medication has caused swelling and limited the use of his left hand. (*See* Ans. to Question 10). However, his subjective belief is insufficient to establish that these conditions are as a result of the hiatus. Specifically he has identified no expert testimony which he could present to establish that these conditions were caused by the two-day hiatus rather than merely constituting the natural consequence of the presence of the pre-existing condition for which the medication was prescribed.

---

[2] Allopurinol is used to treat chronic gout, a condition is caused by too much uric acid in the blood. Allopurinol works by causing less uric acid to be produced by the body. Allopurinol will not relieve a gout attack that has already started. Also, it does not cure gout, but it will help prevent gout attacks. It works only after a patient has been taking it regularly for a few months, and it will prevent gout only as long as a patient continues to take it. Medline Plus *at* http://www.nlm.nih.gov/medlineplus/druginfo/uspdi/202021.html.

RECOMMENDATION

It is therefore recommended that Plaintiff's claim be dismissed pursuant to 28 U.S.C. § 1915A(b)(1).

A copy of this recommendation shall be mailed to Plaintiff.

SIGNED this 13th day of May, 2005.

*[signature: Wm. F. Sanderson, Jr.]*

_____
Wm. F. Sanderson Jr.
United States Magistrate Judge

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten (10) days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415 (5th Cir. 1996)(*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten (10) day period may bar a *de novo* determination by the district judge of any finding of fact and conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.